UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

IN RE:

**Andrew Johnson**  CASE NO.:  8:11-bk-00810-MGW
  CHAPTER  7

    **DEBTOR**

_____/


## RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Debtor, Andrew Johnson, by and through his undersigned attorney, and responds to United States Trustee's Motion for Summary Judgment with Respect to the United States Trustee's Motion to Dismiss Chapter 7 Case as follows:

1. The U.S. Trustee has moved for summary judgment in this case based on the belief held by the U.S Trustee's Office that the Debtor is not entitled to a vehicle operation expense of more than $478, that being the standard operating expense for two vehicles in the South Census Region. Although an affidavit signed by the Debtor and by the Debtor's Wife, both of whom work full-time, attests to the necessity of a third vehicle in meeting the needs of the family, and the relevant caselaw clearly shows that there is no absolute cap of two vehicles per household, the U.S. Trustee is requesting summary judgment on this issue.
2. The recent U.S Supreme Court decision in Ransom v. FIA Card Serv., N.A., 131 S. Ct. 716 (U.S. 2011) supports the Debtor's position that he is entitled to a deduction for three vehicles. Although the Ransom decision concerns whether a debtor can take the standard deduction on the means test for an ownership cost of a vehicle when there is no loan or lease on the vehicle, it is instructive on the sister topic of operating costs. Citing the Collection Financial Standards, the Supreme Court decided that the total transportation expense for a debtor with no car payment is the applicable operating expense.
3. Unlike the explicit wording used in the ownership deduction on the means test– "You may not claim an ownership/lease expense for more than two vehicles" – the operating deduction instructs debtors to take the operating cost from the IRS Stands for the "applicable" number of vehicles. In Ransom, the Court divined no unusual meaning for the word applicable, stating that an expense amount is applicable when it is appropriate, relevant, suitable, or fit.
4. The position of the U.S. Trustee is that the IRS Expense Standards limit to two the number of vehicles for which any given Debtor and his or her family

can deduct an operating cost. But the Standards do not say that, no matter how many inferences a person tries to draw. As cited in the Motion for Summary Judgment, the Standards clearly state that only two vehicle <u>ownership</u> costs may be deducted; however, that language is completely missing from the explanation of <u>operating</u> costs – instead it references what amount is reasonable "for **each** automobile."

5. The language quoted by the U.S. Trustee from the Internal Revenue Manual also strengthens the Debtor's position – "A single taxpayer is *normally* allowed ownership and operating costs for one vehicle." From this statement the U.S Trustee again draws the inference somehow that a cap exists that limits a family to a deduction for two vehicles. The inference drawn by the Debtor is that yes, in most cases, one car is sufficient for one individual, however, as cases such as <u>In re Styles</u>, 397 B.R. 771 (Bankr. W.D. Va. 2008), <u>In re Scurlock</u>, 385 B.R 814 (Bankr. M.D.N.C. 2008), <u>In re Zaporski</u>, 366 B.R. 758 (Bankr. E.D. Mich. 2007), and <u>In re Jackson</u>, 2008 WL 5539790 (Bankr. D. Kan. 2008) show, bankruptcy courts in different jurisdictions have allowed transportation expenses for more than one vehicle for an individual debtor.

6. In the instant case, the Debtor and his wife are both working full-time while raising her three teenage daughters. The oldest teenager is enrolled in a dual program that makes transportation between schools an issue. As the affidavit attests, this driver is also able to help the Debtor and his wife in coordinating daily transport of the other minors to and from school, medical appointments and other activities. The Debtor's 1998 Honda, hardly a luxury ride, is the vehicle used by his stepdaughter. Unlike the Debtor in <u>In re Aprea</u>, 368 B.R. 558 (Bankr. Court, ED Texas 2007) who went heavily into debt to buy his fiancé a new luxury vehicle and support her while she did not work, this Debtor has used a hand me down vehicle with over 150,000 miles on it to help his household run more smoothly. Having another driver eases the burden on the adults in the house and allows them to stay at work and generate income instead of taking time off for doctor and dentist appointments, etc.

7. In asserting that the Debtor and his family are limited to two vehicles, and that $478 is the highest operating expense allowed, the U.S. Trustee repeatedly looks to the ownership expense as proof that only two vehicles are allowed. Yet that is not a reasonable inference – the only reasonable inference is that if the Collection Financial Standards clearly state that a Debtor may not take an ownership expense for more than two vehicles, and the means test clearly states the same restriction – then if a Debtor were limited to only two vehicles for the purpose of operation expenses, the relevant sections would say exactly that.

8. By asserting that $478 is the highest operations expense a Debtor may ever be allowed, now matter how many vehicles a Debtor owns, no matter the age or the mileage or the condition of the vehicles, no matter the circumstances, the U.S Trustee is contradicting the underlying rationale for the <u>Ransom</u> decision. The <u>Ransom</u> court stressed that Debtors are allowed to take all *applicable* deductions. In the instant case, the applicable expenses would include $239

for each of the three vehicles and a $200 deduction applied for the age and mileage on the Honda. The Debtor had originally also included a $200 deduction for the Ford as it is an older vehicle which would qualify for the $200 increase if it did not have a loan. The Debtor still believes that it does not make "good sense" to allow a $200 deduction due to the increased maintenance cost of older vehicles - but only IF there is no loan on the vehicle. It does not seem "reasonable" to think that a 1995 Cadillac with a loan has lower operational costs than an identical 1995 Cadillac without a loan. However, Debtor will stick to arguing that the $917 deduction for operation costs, applicable to the Debtor's living situation, is the correct amount as outlined on the attached means test and as legitimized by the accompanying affidavit.

WHEREFORE, Debtor moves the Court to deny the Motion for Summary Judgment filed by the United States Trustee in this case.

/s/ Melanie A. Newby
Melanie Newby, Esquire, 0870481
JODAT LAW GROUP, P.A.
Attorney for Debtors
521 Ninth Street West
Bradenton, FL 34205
(941) 749-1901

# JODAT LAW GROUP, P.A.

GARY R. JODAT ③ SHANNAN C. NERI ③ MELANIE A. NEWBY ③ R. TRACY LEE ● KALLAN ESLICH

INJURY • BANKRUPTCY • CREDITOR HARASSMENT • CRIMINAL • FAMILY LAW
WWW.JODATLAWGROUP.COM

| SEND ALL MAIL TO: | VENICE OFFICE | SARASOTA OFFICE |
|---|---|---|
| 521 NINTH STREET WEST | 1680 A TAMIAMI TRAIL SOUTH | 2000 SOUTH TAMIAMI TRAIL |
| BRADENTON, FLORIDA 34205 | TELEPHONE: (941) 492-6000 | TELEPHONE: (941) 355-6328 |
| TELEPHONE: (941) 749-1901 | FACSIMILE: (941) 496-4306 | FACSIMILE: (941) 366-1474 |
| FACSIMILE: (941) 741-8642 | | |

## AFFIDAVIT OF ANDREW JOHNSON AND NICOLE LEVITA-JOHNSON

We, Andrew Johnson and Nicole Levita-Johnson, hereby certify/attest to the following:

1. The use of a third vehicle is necessary for the needs of our household. Our eldest daughter is enrolled at both Manatee High School and State College of Florida and, as both of us are employed full time, it is necessary for her to drive herself to classes between the schools. In addition, our eldest daughter is in charge of transporting our middle child to school each morning, and assisting us with getting both younger sisters to and from club activities, cheer practice, and medical appointments while we are working.

2. Nicole Levita-Johnson receives monthly child support from her ex spouse. These funds are used to help pay for groceries, medical appointments, transportation costs for getting the children to schools and various activities, clothing and supplies for the children.

5/19/11
Dated:

5/19/2011
Dated:

Andrew Johnson

Nicole Levita-Johnson

STATE OF FLORIDA

# JODAT LAW GROUP, P.A.

GARY R. JODAT ③ SHANNAN C. NERI ③ MELANIE A. NEWBY ③ R. TRACY LEE ● KALLAN ESLICH

INJURY • BANKRUPTCY • CREDITOR HARASSMENT • CRIMINAL • FAMILY LAW
WWW.JODATLAWGROUP.COM

SEND ALL MAIL TO:
521 NINTH STREET WEST
BRADENTON, FLORIDA 34205
TELEPHONE: (941) 749-1901
FACSIMILE: (941) 741-8642

VENICE OFFICE
1680 A TAMIAMI TRAIL SOUTH
TELEPHONE: (941) 492-6000
FACSIMILE: (941) 496-4306

SARASOTA OFFICE
2000 SOUTH TAMIAMI TRAIL
TELEPHONE: (941) 355-6328
FACSIMILE: (941) 366-1474

COUNTY OF MANATEE

The foregoing instrument was acknowledged before me this 19th day of May, 2011 by Andrew Johnson Nicole Levita-Johnson who is personally known to me or has produced _____ as identification and who (did/did not) take an oath.

_Lois J. Smith_
Notary Public

LOIS J. SMITH
MY COMMISSION # EE29253
EXPIRES: November 12, 2014
1-800-3-NOTARY    Fl. Notary Discount Assoc. Co.

In re **Andrew Bush Johnson**
Debtor(s)

Case Number: **8:11-bk-00810**
(If known)

According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises.**

☒ **The presumption does not arise.**

☐ **The presumption is temporarily inapplicable.**

# AMENDED
# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | Part I. MILITARY AND NON-CONSUMER DEBTORS |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends**.<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>    a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>        ☐ I remain on active duty /or/<br>        ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>    OR<br><br>    b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>        ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

| | Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c. ■ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's Income | **Column B**<br>Spouse's Income |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 4,239.75 | $ 3,228.82 |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>| | Debtor | Spouse |<br>|---|---|---|<br>| a. Gross receipts | $ 0.00 | $ 0.00 |<br>| b. Ordinary and necessary business expenses | $ 0.00 | $ 0.00 |<br>| c. Business income | Subtract Line b from Line a | | | $ 0.00 | $ 0.00 |
| 5 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>| | Debtor | Spouse |<br>|---|---|---|<br>| a. Gross receipts | $ 0.00 | $ 0.00 |<br>| b. Ordinary and necessary operating expenses | $ 0.00 | $ 0.00 |<br>| c. Rent and other real property income | Subtract Line b from Line a | | | $ 0.00 | $ 0.00 |
| 6 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 7 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ 1,107.70 |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ 0.00   Spouse $ 0.00 | $ 0.00 | $ 0.00 |
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>| | Debtor | Spouse |<br>|---|---|---|<br>| a. | $ | $ |<br>| b. | $ | $ |<br>Total and enter on Line 10 | $ 0.00 | $ 0.00 |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 4,239.75 | $ 4,336.52 |

| | | |
|---|---|---:|
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ **8,576.27** |

### Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| | | |
|---|---|---:|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ **102,915.24** |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br><br> a. Enter debtor's state of residence: **FL**    b. Enter debtor's household size: **5** | $ **71,584.00** |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. <br> ☐ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. <br> ■ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

### Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| | | |
|---|---|---:|
| 16 | **Enter the amount from Line 12.** | $ **8,576.27** |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. <br><br> a.    $ <br> b.    $ <br> c.    $ <br> d.    $ <br><br> Total and enter on Line 17 | $ **0.00** |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ **8,576.27** |

### Part V. CALCULATION OF DEDUCTIONS FROM INCOME

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---:|
| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ **1,633.00** |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|---|---|---:|---|---|---:|
| a1. | Allowance per person | 60 | a2. | Allowance per person | 144 |
| b1. | Number of persons | 5 | b2. | Number of persons | 0 |
| c1. | Subtotal | 300.00 | c2. | Subtotal | 0.00 |

$ **300.00**

| | | |
|---|---|---:|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ **573.00** |

| | | | | |
|---|---|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | | |
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ 1,060.00 | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ 2,066.59 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ 0.00 |
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | | | $ 0.00 |
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0  ☐ 1  ■ 2 or more. If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $ 917.00 |
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $ 0.00 |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1  ■ 2 or more. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | | |
| | a. | IRS Transportation Standards, Ownership Costs | $ 496.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ 273.64 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ 222.36 |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | | |
| | a. | IRS Transportation Standards, Ownership Costs | $ 496.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ 279.31 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ 216.69 |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | | | $ 1,116.68 |

| | | |
|---|---|---:|
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ 0.00 |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ 12.40 |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ 0.00 |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ 0.00 |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ 0.00 |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ 50.00 |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ 80.00 |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ 5,121.13 |

## Subpart B: Additional Living Expense Deductions
### Note: Do not include any expenses that you have listed in Lines 19-32

| | | |
|---|---|---:|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br><br>a. Health Insurance — $ 242.42<br>b. Disability Insurance — $ 30.80<br>c. Health Savings Account — $ 249.99<br><br>Total and enter on Line 34.<br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br>$_____ | $ 523.21 |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ 0.00 |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ 0.00 |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ 0.00 |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92[*] per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ 100.00 |

[*] Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | | | | $ | 0.00 |
|---|---|---|---|---|---|---|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | | | | $ | 0.00 |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | | | | $ | 623.21 |

## Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | | | |
|---|---|---|---|---|---|---|
| | | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? | |
| | a. | **Lexus Financial Servic** | **2007 Ford Mustang GT Coupe 2D - 42,000 miles** | $ 273.64 | ☐yes ■no | |
| | b. | **Suntrust Mortgage/cc 5** | **House and lot located at 5415 12th Ave Dr West, Bradenton, FL 34209** | $ 1,573.08 | ■yes ☐no | |
| | c. | **Suntrust Mortgage/cc 5** | **House and lot located at 5415 12th Ave Dr West, Bradenton, FL 34209** | $ 493.51 | ☐yes ■no | |
| | d. | **Tampa Bay Fcu** | **2004 GMC Yukon SLT- 58,000 miles** | $ 279.31 | ☐yes ■no | |
| | | | | Total: Add Lines | | $ 2,619.54 |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | | | |
|---|---|---|---|---|---|
| | | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
| | a. | **-NONE-** | | $ | |
| | | | | Total: Add Lines | $ 0.00 |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | | | $ | 0.00 |
|---|---|---|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | | |
|---|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $ 2,831.93 | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x 9.40 | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ 266.20 |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ | 2,885.74 |
|---|---|---|---|

## Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ | 8,630.08 |
|---|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ | **8,576.27** |
|---|---|---|---:|
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ | **8,630.08** |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ | **-53.81** |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ | **-3,228.60** |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 51 is less than $7,025**\*. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $11,725**\* Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 through 55). | | |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ | |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ | |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | | |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c, and d | $ |

## Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*  Date: _____    Signature: _____<br>**Andrew Bush Johnson**<br>*(Debtor)* |
|---|---|

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

IN RE:

**Andrew Johnson**          CASE NO.:    8:11-bk-00810
                                   CHAPTER    7
       **DEBTOR**
_____/

## CERTIFICATE OF MAILING

       The undersigned hereby certifies that a true copy of the Response to Trustee's Motion for Summary Judgment and corresponding exhibits have been sent via electronic notice and/or U.S. Mail to United States Trustee, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602; Traci K. Stevenson, P O Box 86690, Madeira Beach, FL 33738; Benjamin Lambers, Esq., Attorney for United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602; and Andrew Johnson, 5415 12th Avenue Drive West, Bradenton, FL on this 3rd day of June, 2011.

                                           /s/ Melanie Newby
                                           Melanie Newby, Esquire, 0870481
                                           JODAT LAW GROUP, P.A.
                                           Attorney for Debtor(s)
                                           521 Ninth Street West
                                           Bradenton, FL 34205
                                           Telephone: (941) 749-1901
                                           Fax: (941) 741-8642