**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**

IN RE:

Andrew Johnson                   CASE NO.:    8:11-bk-00810
                                 CHAPTER    7

     DEBTOR
_____/


**ORDER DENYING UNITED STATES TRUSTEE'S MOTION**
**TO MODIFY ORDER AND MEMORANDUM OPINION DENYING**
**UNITED STATES TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

THIS CASE came before the Court upon hearing on August 18, 2011 on the

Motion to Modify Order and Memorandum Opinion Denying United States Trustee's

Motion for Summary of Judgment filed by the United States Trustee (Doc. No. 36).  The

Court, upon consideration and based on oral statements before the Court and written

materials cited and provided, deems the Motion denied. Legal and factual rulings are

outlined in the Court transcript attached as Exhibit A.

Accordingly, it is hereby **ORDERED** that the Motion to Modify Order and

Memorandum Opinion Denying United States Trustee's Motion for Summary Judgment

filed by the United States Trustee shall be denied.

DONE AND ORDERED in Chambers at Tampa, Florida, this 3 day of

October , 2011.

Honorable Michael G. Williamson
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


IN RE:                              :
                                    :
ANDREW BUSH JOHNSON                 :    Case No. 8:11-bk-00810-MGW
                                    :
                                    :
            Debtor                  :    Chapter 7
                                    :
-----------------------------------:


                                         Sam M. Gibbons
                                         U.S. Courthouse
                                         801 N. Florida Avenue
                                         Tampa, Florida 33602
                                         Held August 18, 2011


                    TRANSCRIPT OF HEARING

        Ruling Excerpt from 1-Cont. Pretrial on Motion to
        Dismiss Case Pursuant to 11 U.S.C. Sec. 707(b) by
        the U.S. Trustee (Doc. #19); 2-Motion to Modify
        Order & Memorandum Opinion Denying U.S. Trustee's
          Motion for Summary Judgment (Doc. #36)


          BEFORE THE HONORABLE MICHAEL G. WILLIAMSON
               UNITED STATES BANKRUPTCY JUDGE

---

*PROCEEDINGS DIGITALLY RECORDED BY COURT PERSONNEL.*
*TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE*
*APPROVED BY ADMINISTRATIVE OFFICE OF U.S. COURTS.*

A P P E A R A N C E S

| | |
|---|---|
| For the Debtor | MELANIE A. NEWBY, Esquire<br>Jodat Law Group<br>521 9th Street W<br>Bradenton, Florida 34205<br>941-749-1901<br>melanie.newby@jodatlawgroup.com |
| For the United States Trustee | BENJAMIN E. LAMBERS, Esquire<br>Office of the U.S. Trustee<br>501 E. Polk Street, Suite 1200<br>Tampa, Florida  33602<br>813-228-2000<br>ben.e.lambers@usdoj.gov |

P R O C E E D I N G S

(Entirety of proceedings commenced at 11:04 a.m.)

\* \* \* \* \*

(Excerpt of proceedings commenced at 11:49 a.m.)

THE COURT:  I've considered carefully the U.S. Trustee's motion to modify this Court's order and memorandum opinion, which was entered on July 8th, reviewed the various cases cited, and considered the argument made here today.

I note parenthetically that the matters have been very well presented by both sides, that the motion for modification raises issues that we had not, I think, thoroughly considered before, if at all, and are certainly matters that should be considered.  And based on that review, I am prepared to make the following ruling.

The United States Trustee has moved for a rehearing, requesting the Court to modify its order and memorandum on the motion for summary judgment in order to provide that the presumption of abuse does arise under 707(b)(2)(A), and that the only way the Debtors could deduct the expenses for the third car is by establishing special circumstances under 707(b)(2)(B).

By way of background, in my summary judgment order of July 8th, I concluded that based on the recent Supreme Court cases of *Lanning* and *Ransom*, because the means test is derived from procedures employed by the IRS in dealing with

1 delinquent taxpayers, to quote from *Ransom*, "Courts may

2 consult the procedures followed by the IRS in dealing with

3 delinquent taxpayers in interpreting the national

4 standards."

5      I then went on to consult those materials to

6 determine whether the Debtor's deduction for the third

7 automobile would be -- and again to quote from *Ransom*,

8 "appropriate, relevant, suitable, or fit" to a taxpayer in

9 similar circumstances.

10      In my opinion, I then went on to consider what

11 the applicable IRS guidelines provide as relevant to the

12 Debtor's claim of the third automobile as an expense.  After

13 what I think was a thorough analysis of those guidelines,

14 I concluded that the methodology employed by the IRS in

15 applying the local standards would allow the expense for the

16 third car to be deducted if the Debtors could substantiate

17 that the third car was reasonably necessary for the care of

18 the Debtor or the Debtor's dependents.

19      Understandably, the U.S. Trustee disagrees with

20 the Court's analysis and suggests that the only proper

21 avenue for the Debtor to consider allowance of a third

22 car would be under 707(b)(2)(B) that provides for the

23 presumption of abuse to be rebutted by demonstrating

24 special circumstances.

25      The U.S. Trustee recites what that would entail

1   in his motion.  I'll note that this would put the Debtor

2   to a substantially higher burden and require the Debtor to

3   show -- first the Debtor would need to demonstrate special

4   circumstances.

5          Now, the examples provided for in 707(b)(2)(A) are

6   the following:  One, a serious medical condition or, two, a

7   call or order to active duty.  Now, of course, those are

8   simply examples.  They're not the only occasions.  But they

9   do provide guidance, and there's a principal of law that you

10  all are familiar with called *ejusdem generis*, that's two

11  words.  And it provides that when a general word or phrase

12  is followed by a list of specific items, the general word

13  will be interpreted to include only those types of items.

14         So we're talking about, in special circumstances,

15  something that is more than just reasonably necessary

16  expenses.  We're talking about something like a call to duty

17  in our national armed forces or a serious medical condition.

18  This would be seemingly far, far beyond something as simple

19  as whether a daughter needs a car to take her sisters to

20  school, and to otherwise perform necessary family functions.

21  That would certainly be far short of a serious medical

22  condition or a call to active duty.

23         The second requirement that 707(b)(2)(B) would

24  place on a Debtor would be that the Debtor demonstrate that

25  there was no reasonable alternative.

1    Now, there are some additional requirements that
2    the U.S. Trustee has also pointed out.  And none of those,
3    frankly, are inconsistent with what I believe is ultimately
4    the Debtor's burden under 707(b)(2)(A) and that's that, as
5    this Court believes should be applied utilizing the IRS
6    approach, and that is that the Debtor itemize each
7    additional expense, that the Debtor document the expense,
8    that the Debtor explain in detail why the adjustment is
9    necessary and reasonable, and the Debtor attest under oath
10   that the adjustment is required.  These latter requirements
11   are entirely consistent with the Court's views and the
12   summary judgment.
13       However, the requirement that the Debtor show
14   special circumstances, and that there's no reasonable
15   alternative, is not a requirement found in the IRS
16   guidelines.  It's only found in 707(b)(2)(B) which only
17   applies when the presumption of abuse arises under
18   707(b)(2)(A).
19       It's my view that to accept the Trustee's position
20   that the sole remedy is under 707(b)(2)(B) would have this
21   Court ignore *Ransom*'s holding that the Court should utilize
22   the IRS guidelines in interpreting how the means test should
23   be applied.
24       The U.S. Trustee cites some case authority that
25   supports his position but, again, just as in the motion for

1    summary judgment, those cases predate *Ransom* and so aren't

2    particularly helpful, and they don't arise in this context.

3         It is this Court's continued conclusion, as set

4    forth in my summary judgment order, that the IRS may very

5    well allow expenses for a third car if the Debtor can

6    demonstrate that the expenses are reasonably necessary

7    for the Debtor's support of the Debtor and the Debtor's

8    dependents.  This is what *Ransom* dictates, and this is what

9    the Court ordered.

10        It would only be if the Court were to disallow the

11   expenses, because the Debtor couldn't make that showing,

12   that we would get to 707(b)(2)(B), however it would be quite

13   unlikely that the Debtor could then demonstrate special

14   circumstances when the Debtor couldn't even demonstrate that

15   these expenses were reasonably necessary.

16        I think 707(b)(2)(B) is, as Ms. Newby is pointing

17   out, more suited to a situation where there is a category

18   that's not even contemplated.  Or if you want to exceed the

19   amounts, which is one thing I think the case law is pretty

20   consistent on and the parties' position is, that even though

21   the IRS may not apply its own guideline amounts, they would

22   take the lower of actual versus the table amounts.

23        In the Bankruptcy Court, we take the table

24   amounts.  And there's an additional reason why I think

25   everybody is settled on that approach.  One is the statute

1   says that.  And two, I think the statute was written so that

2   we would be able to pick off the shelf in most cases the

3   numbers that we need to complete form B22 because otherwise

4   we'd be back in I and J with a cap.  And it's subject to all

5   the vagaries and the difficulties of trying to establish

6   what reasonable expenses are.

7          Congress opted for uniformity as to amounts

8   but, as interpreted by the Supreme court in *Ransom*, in

9   determining what kinds of things, or in this case how many

10  cars, or in the *Ransom* case you could deduct the actual

11  ownership expense when you don't have a lien, you have to

12  look to the realities.

13         So in conclusion, while the U.S. Trustee's motion

14  and arguments are well thought out and well presented, I

15  think I agree with Ms. Newby that the U.S. Trustee is simply

16  asking me to reverse or change entirely my ruling, which I

17  made in conjunction with the motion for summary judgment,

18  and find that the Debtor -- that the IRS would not allow a

19  third car and that -- or if the IRS would, that I should not

20  follow what the IRS would do, but rather stick strictly to

21  the two-car limitation found in the table, and thus put the

22  Debtor to the greater burden found outside of the means

23  test, and that's in 707(b)(2)(B).

24         So for those reasons, I will deny the motion to

25  modify.  I'll ask Ms. Newby to prepare an order denying the

1   motion for the reasons stated orally and recorded in open
2   court.
3          I'll ask her to obtain a transcript of my ruling,
4   just my ruling, and attach that to the order, so that a
5   reviewing court will know that I actually did have a hearing
6   and I actually did announce that ruling, and the basis for
7   it will be reflected as set forth in the transcript.  Yes,
8   Mr. Lambers?
9          MR. LAMBERS:  Your Honor, thank you.  If I may,
10  just for future guidance in conducting this case, inquire
11  about one thing.
12         Is it Your Honor's view that if the Debtor is able
13  to demonstrate by a preponderance of the evidence the need
14  for a third vehicle, that Your Honor would multiply -- or
15  give them the additional $239 expense and the additional
16  $200, and not attempt to itemize the expense?
17         THE COURT:  Yes, I think that is what I intended
18  in my ruling, and consistent with the logic in that.  And
19  so once I were to determine that a third car was necessary,
20  we would simply be reaching to the shelf and picking the
21  numbers that we discussed earlier, that I think you had
22  stated were 239 and 200 and that's what -- or at least
23  that's the Debtor's position so --
24         THE COURTROOM DEPUTY:  Judge, does that conclude
25  everything?  Because we had a continued pretrial on as well.

1          THE COURT:  Okay.  Well, that will conclude my

2    ruling and now let's talk about where we go from here.

3          (Excerpt of proceedings concluded at 12:04 p.m.)

4                         * * * * *

5          (Entirety of proceedings concluded at 12:08 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE

I certify that the foregoing is the official verbatim transcript, prepared to the best degree possible from the digital audio recording and logs provided by the court.

I further certify that I am neither counsel for, nor related to, nor an employee of, any of the parties to the action in which this hearing was taken.

I further certify that I have no personal interest in the outcome of the action.

Dated this 23rd day of August, 2011.

Cheryl Culver, CCR, B-1281
Certified Court Reporter
State of Florida Notary Public

Administrative Office of U.S. Courts
Approved Transcriber